## BROCHERS v. NICKEL.

No. 2433.   Opinion Filed February 11, 1913.

(130 Pac. 138.)

AUCTIONS AND AUCTIONEERS—Sales—Title of Purchaser.   Where,
at the public sale of A.'s goods, with the knowledge and consent
of all concerned, B.'s goods are knocked down and sold to the
highest bidder, and where, in compliance with the terms of the
sale, a note and mortgage evidencing the indebtedness and secur-
ing the purchase price is executed by the purchaser, payable to
A., and delivered to and accepted by him, held, that thereupon
title and right of possession to the property passed to the pur-
chaser.

(Syllabus by the Court.)

*Error from Washita County Court;*
*L. R. Shean, Judge.*

Action by C. H. Nickel against C. A. Brochers.   Judgment
for plaintiff, and defendant brings error.   Affirmed.

*Massingale & Duff,* for plaintiff in error.

*Brett & Rice,* for defendant in error.

PER CURIAM.   This is an action in replevin brought by
C. H. Nickel, defendant in error, against C. A. Brochers, plain-
tiff in error, to recover a binder of the value of $10.   There
was judgment for plaintiff before the justice, and again on trial
anew in the county court of Washita county, and defendant brings
the case here.

The court did not err in refusing to instruct the jury at the
close of the testimony, to return a verdict for defendant.   The
evidence discloses that, prior to the suit, one Fitzler had had a
public sale in that county of certain of his personal property to

the highest bidder, the terms of which were that all sums of $10 or under owing by the successful bidder were to be paid in cash, and on all over that amount a credit of eight or ten months was to be extended, with interest, after the instrument evidencing the indebtedness became due; that, known to all concerned, defendant brought this binder there, to be sold with the other property under the terms of the sale; that, plaintiff being the highest bidder, the same was knocked down to him for $10, whereupon, his purchases exceeding that amount, pursuant to the terms of the sale, he executed and delivered to Fitzler a note and mortgage for that amount, payable to Fitzler, prepared for plaintiff's signature by the clerk of the sale, and then left for town a short distance away; that, although defendant demurred to accepting anything but cash for his binder, on the return of plaintiff that same evening, at the instance of defendant, a slight correction was made in the note in the hands of Fitzler, whereupon both plaintiff and defendant departed for their respective homes, leaving the binder at the place of sale, to be sent for by plaintiff; that on a subsequent day, upon Fitzler refusing to indorse the note to him, defendant repossessed himself of the binder, and, refusing to surrender same to plaintiff on demand, this suit was brought. Upon the execution and delivery by plaintiff to Fitzler of the note and mortgage, in compliance with the terms of the sale, title and right of possession to the binder passed to the purchaser.

Affirmed.